James W. Hambright, Orgain, Bell & Tucker, Beaumont, Tex., for defendant.

---

**Francis E. PRICE**

v.

**MOBIL OIL CORPORATION.**

**Civ. A. No. B–88–0067–CA.**

United States District Court, E.D. Texas, Beaumont Division.

April 13, 1990.

### ORDER

COBB, District Judge.

On December 15, 1989, plaintiff filed a motion under FED.R.CIV.P. 60(b) to vacate an order entered February 8, 1989, dismissing plaintiff's suit for failure to timely serve defendant a summons and complaint under FED.R.CIV.P. 4(j).[1] Having reviewed the motion and defendant's response, the motion to vacate is hereby DENIED.

Plaintiff brought an action under 42 U.S.C. § 2000e(f) for violation of Title VII

---

**1.** FED.R.CIV.P. 4(j) states:

Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative within notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

of the Civil Rights Act of 1964 against defendant, on January 13, 1988. The United States District Clerk's office returned summons unsigned and without seal to the plaintiff's attorney on January 15, 1988.

The record is unclear as to whether the attorney for plaintiff attempted service of the insufficient summons. The attorney for plaintiff realized the insufficiency of the summons on August 29, 1988, when he requested by letter that the United States District Clerk re-issue the summons with signature and seal of the court. In the meantime, the court had ordered a joint status report on June 10, 1988, a copy of which was sent to plaintiff's attorney. A report was never filed. On September 6, 1988, the clerk's office re-issued a completed summons and returned it to the plaintiff's attorney; service on defendant Mobil was achieved on September 19, 1988.

On October 11, 1988, Mobil filed its answer; on November 21, 1988, Mobil moved to dismiss plaintiff's suit, contending FED. R.CIV.P. 4(j) was not satisfied. Plaintiff responded on November 30, 1988, and the court ordered the case dismissed without prejudice on February 9, 1989, for failure to timely serve defendant with summons and complaint as required by FED.R. CIV.P. 4(j).

Rule 60(b) lists the following six reasons for which a moving party may seek relief from a final judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A Rule 60(b) motion must be made within a "reasonable time," and, for the reasons stated in Rule 60(b)(1), (2), and (3), not more than one year after the order was signed.

Plaintiff's motion to vacate was filed approximately ten (10) months after the dismissal order was signed, and approximately nine (9) months after the expiration of FED.R.APP.P. 4(a)'s time limit for appeal.

Plaintiff states no argument in her motion to vacate the order of dismissal that was not made, heard, and ruled on in the court's consideration of defendant's motion to dismiss.

Counsel for plaintiff had ample opportunity to perform his obligation to the plaintiff; it is unfortunate that the plaintiff's complaint was not timely served. Plaintiff has been precluded from obtaining any relief in this court by the failure to serve the defendant timely. The plaintiff may have another remedy available for the failure of her attorney to obtain timely service upon the defendant.

Plaintiff's motion to vacate the February 9, 1989, order of dismissal is DENIED.